IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GUADALUPE DE LOS SANTOS**                                            **PETITIONER**

**v.**                                          **CIVIL ACTION NO. 5:17-cv-107-DCB-MTP**

**STEPHEN D. JULIAN**                                                 **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Guadalupe De Los Santos for a writ of habeas corpus under 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

## BACKGROUND

On August 28, 2014, officers of the Texas Department of Public Safety arrested Petitioner for possession of marijuana and evading arrest. ([9-2] at 1). On October 8, 2014, a Texas state court sentenced Petitioner to a two-year term of imprisonment. ([9-2] at 2). Petitioner's state sentence commenced on August 28, 2014. ([9-2] at 16). On October 21, 2014, the United States Marshals Service temporarily took custody of petitioner pursuant to a federal writ of habeas corpus *ad prosequendum*. ([9-2] at 2). On May 21, 2015, after pleading guilty, Petitioner was sentenced in the United States District Court for the Southern District of Texas for illegal reentry by a removed alien. ([9-2] at 2, 9). Petitioner was sentenced to a forty-month term of imprisonment. ([9-2] at 10).

On May 21, 2015, following Petitioner's sentencing in federal court, the Marshals Service returned him to state custody. ([9-2] at 2). On April 28, 2016, Petitioner was paroled by Texas and returned to federal custody to serve his federal sentence. ([9-2] at 2, 14). The Bureau of Prisons ("BOP") computed the commencement date of Petitioner's federal sentence as April

1

28, 2016.  In his Petition, Petitioner asserts that he should have received credit against his federal sentence for the time he spent in temporary federal custody—October 21, 2014 through May 21, 2015.

## ANALYSIS

Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal sentence.  "A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 28 U.S.C. § 3585(a).  The statute also provides that the defendant is entitled to sentencing credit for time spent in "official detention" prior to the commencement of the term of imprisonment.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

28 U.S.C. § 3585(b).

The United States Court of Appeals for the Fifth Circuit has made clear that an inmate in federal custody on a writ of habeas corpus *ad prosequendum* from state custody remains in state custody. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. . . .  A writ of habeas corpus *ad prosequendum* is only a 'loan' of a prisoner to another jurisdiction for criminal

proceedings in the receiving jurisdiction."). As Petitioner was brought before the federal court pursuant to a writ of habeas corpus *ad prosequendum* and, therefore, not in exclusive federal custody from October 21, 2014 to May 21, 2015, Petitioner's sentence was properly calculated to begin on April 28, 2016. *See Hughes v. Shults*, 2018 WL 1075042, at *3-4 (N.D. Miss. Feb. 27, 2018).

Additionally, Petitioner is not entitled to credit for the time he spent in temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum*. The Supreme Court has explained that when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Where a prisoner is in primary state custody and is taken on writ into federal custody to answer federal charges, he is not entitled to also have that time credited against his federal sentence. *See Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971) ("petitioner was exclusively in state custody for a state parole violation except when appearing in federal court via writ of habeas corpus *ad prosequendum*. Upon this finding, petitioner is not entitled to credit against his federal sentence for such time spent in state custody."); *Dominguez v. Willaimson*, 251 F.3d 156, 2001 WL 300705, *3 (5th Cir. 2001); *United States v. Wilburn*, 2009 WL 197569, *4 (S.D. Tex. Jan. 27, 2009). Petitioner was in primary state custody when he was taken into temporary federal custody, and his state sentence commenced on August 28, 2014. ([9-2] at 16). Thus, he may not receive double credit for his detention time.

Petitioner has failed to demonstrate that he is entitled to credit on his federal sentence for the time he spent in temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum*.

3

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition [1] for a writ of habeas corpus be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 16th day of October, 2019.

                                              s/Michael T. Parker
                                              UNITED STATES MAGISTRATE JUDGE