IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

GUADALUPE DE LOS SANTOS                                    PETITIONER

v.                         CIVIL ACTION NO. 5:17-cv-107-DCB-MTP

STEPHEN D. JULIAN                                          RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the pro se Petition of Guadalupe De Los Santos for a writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1], and the Report and Recommendation of Magistrate Judge Michael T. Parker. [ECF No. 11]. Magistrate Judge Parker entered a Report and Recommendation on October 16, 2019 and directed the Petitioner to serve and file written objections within fourteen days pursuant to 28 U.S.C. § 636(b)(1). On October 28, 2019, the copy of the Report and Recommendation that the Court mailed to Petitioner was returned as undeliverable because he was no longer at the address he provided to the Court. Therefore, as of the date of this Order, the Petitioner has not objected to the Report and Recommendation.

## Discussion

On August 28, 2019, officers of the Texas Department of Public Safety arrested Petitioner for possession of marijuana and evading arrest. The Petitioner was sentenced to a two-year

1

term of imprisonment by a Texas state court. Petitioner's state sentence commenced on August 28, 2019. On October 21, 2014, the United States Marshals Service temporarily took custody of Petitioner pursuant to a federal writ of habeas corpus <u>ad prosequendum</u>. On May 21, 2105, after pleading guilty, the Petitioner was sentenced in the United States District Court for the Southern District of Texas for illegal reentry by a removed alien.

On May 21, 2015, the Marshals Service returned the Petitioner to state custody. On April 28, 2019, Petitioner was paroled by Texas and returned to federal custody to serve his federal sentence, which the Bureau of Prisons computed the commencement date to be April 28, 2019. Relying on 18 U.S.C. § 3585(b), Petitioner asserts that he should have received credit against his federal sentence for the time he spent in temporary federal custody – October 21, 2014 through May 21, 2015.

When a prisoner is in primary state custody and is taken on writ into federal custody to answer federal charges, he is not entitled to have that time credited against his federal sentence. <u>See</u> <u>United States v. Wilson</u>, 503, U.S. 329, 337 (1992); <u>see</u> <u>also</u>, <u>Chaplin v. U.S.</u>, 451 F.2d 179, 181 (5th Cir. 1971)(finding that petitioner was not entitled to credit toward his federal sentence when the "petitioner was exclusively in

state custody for a state parole violation, except when appearing in federal court via habeas corpus ad prosequendum.") An inmate in federal custody on a writ of habeas corpus <u>ad prosequendum</u> from state custody remains in state custody. <u>Causey v. Civiletti</u>, 621 F.2d 691, 693 (5th Cir. 1988)("The law is clear in this Circuit [Fifth] that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary… A writ of habeas corpus <u>ad prosequendum</u> is only a 'loan' of a prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.").

Magistrate Judge Parker finds that Petitioner has failed to demonstrate that he is entitled to credit on his federal sentence for the time he spent in federal custody pursuant to a writ of habeas corpus <u>ad prosequendum</u> and that the Petition for writ of habeas corpus be DISMISSED with prejudice. Magistrate Judge Parker's Report and Recommendation is well taken.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Report and Recommendation is ADOPTED as the findings of the Court. Therefore, the Petitioner's writ of habeas corpus <u>ad prosequendum</u> is DISMISSED with prejudice.

SO ORDERED, this the 6th day of January, 2020.

>                         _s/ David Bramlette_____
>                         UNITED STATES DISTRICT JUDGE